UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IRENE OLIVARES,

                     Plaintiff,

      vs.

GARDEN CITY JEEP CHRYSLER DODGE LLC,
PARK SLOPE UTO CENTER INC., and
SANTANDER CONSUMER USA, INC. dba
CHRYSLER CAPITAL,

                 Defendant(s).

Civil Action No.: 21-01078 (BMC)

**ANSWER OF DEFENDANTS GARDEN CITY JEEP CHRYSLER DODGE LLC and SANTANDER CONSUMER USA, INC., d/b/a CHRYSLER CAPITAL**

Defendants Garden City Jeep Chrysler Dodge LLC ("Garden City") and Santander Consumer USA, Inc., d/b/a Chrysler Capital ("Chrysler Capital") (individually a "Defendant" and collectively "Defendants"), by their attorney, Cye E. Ross, answer the Amended Complaint (the "Complaint") of plaintiff Irene Olivares ("Olivares" and/or "Plaintiff") as follows:

## AS TO "THE NATURE OF THIS ACTION"

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 1 of the Complaint except deny that Plaintiff was "ripped off" by defendants.

2.      Paragraph 2 of the Complaint purports to summarize Plaintiff's legal conclusions. To the extent that ¶ 2 of the Complaint sets forth any allegations to which a response is required, Defendants deny those allegations.

## AS TO "JURISDICTION AND VENUE"

3.      Defendants admit that the Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1691e.

4.      Paragraph 4 of the Complaint purports to set forth legal conclusions to which no response is required.

5.     With respect to Paragraph 5 of the Complaint, Defendants admit that supplementary jurisdiction has been sufficiently alleged but note that the exercise of supplementary jurisdiction remains discretionary.

6.     Defendants admit that venue in this District is proper.

## AS TO "PARTIES"

7.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 7 of the Complaint.

8.     Defendants admit the allegations in ¶ 8 of the Complaint.

9.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 9 of the Complaint.

10.     Defendants admit that Santander Consumer USA Inc. is an Illinois corporation and deny the remaining allegations in ¶ 10 of the Complaint.

11.     Defendants admit that Plaintiff's contract with defendant Garden City was assigned to defendant Chrysler Capital and deny the remaining allegations in ¶ 11 of the Complaint.

## AS TO "FACTS"

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 12 of the Complaint.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 13 of the Complaint.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 14 of the Complaint.

15.     Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations in ¶ 15 of the Complaint.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 16 of the Complaint.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 17 of the Complaint.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 18 of the Complaint.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 19 of the Complaint.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 20 of the Complaint.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 21 of the Complaint.

22.     Defendant Garden City admits that Kenneth Shashoua asked Plaintiff if she was sent by Park Slope and that she confirmed being sent by Park Slope.  Defendant Garden City admits requesting Plaintiff to sign paper documents, lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning "Mark", and denies the rest of the allegations in ¶ 22 of the Complaint.  Defendant Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 22 of the Complaint.

23.     Defendants admit that Plaintiff executed a series of documents including a "Retail Installment Contract Simple Finance Charge" that set forth a "Finance Charge" of $18,096.85 to be paid over 72 months, deny the rest of the allegations contained in ¶ 23 of the Complaint, and refer the Court to the cited document for a true and correct recitation of its terms.

24.     Defendant Garden City denies the allegations in ¶ 24 of the Complaint, and Defendant Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 24 of the Complaint

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 25 of the Complaint.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 26 of the Complaint.

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 27 of the Complaint.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 28 of the Complaint.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 29 of the Complaint.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 30 of the Complaint.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 31 of the Complaint.

32.     Defendants deny the allegations in ¶ 32 of the Complaint.

33.     Defendants deny the allegations in ¶ 33 of the Complaint.

34.     Defendants deny the allegations in ¶ 34 of the Complaint.

35.     Defendants deny the allegations in ¶ 35 of the Complaint.

## AS TO "FIRST CAUSE OF ACTION
## VIOLATIONS OF ECOA"
(15 U.S.C. § 1692 *et. seq.* ECOA - Against the Dealer Defendants[1])

36.     Defendants incorporate, repeat and reallege each of the above responses to Paragraphs 1 through 35 of the Complaint as though fully set forth at length at this point.

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 37 of the Complaint.

38.     To the extent that Paragraph 38 of the Complaint refers to Dealer Defendant Park Slope, Defendant Garden City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 38 of the Complaint.  To the extent that Paragraph 38 of the Complaint refers to Dealer Defendant Garden City, Defendants Garden City and Chrysler Capital deny the allegations in ¶ 38 of the Complaint.

39.     Defendants deny the allegations in ¶ 39 of the Complaint.

40.     Defendants deny the allegations in ¶ 40 of the Complaint.

41.     Paragraph 41 of the Complaint purports to set forth a legal conclusion as to "creditor" status to which no response is required. To the extent that ¶ 41 of the Complaint sets forth any allegations to which a response is required, Defendants deny that the RISC is the basis for determining whether they are a creditor.

42.     Defendants deny Plaintiff's conclusions of law concerning the provisions, statute and regulations cited in this paragraph of the Complaint and at present lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 42 of the Complaint.

---

[1] Although Defendant Chrysler Capital is not named as a defendant in the First Cause of Action, the Third and Seventh Causes of Action against Defendant Chrysler Capital incorporate the allegations in the First Cause of Action; therefore defendant Chrysler Capital is required to address them and does so here.

43.     Defendant Garden City denies the allegations in ¶ 43 of the Complaint.  Defendant Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 43 of the Complaint.

44.     Defendant Garden City denies the allegations in ¶ 44 of the Complaint.  Defendant Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 44 of the Complaint.

45.     Defendant Garden City denies the allegations in ¶ 45 of the Complaint.  Defendant Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 45 of the Complaint.

46.     Defendant Garden City denies the allegations in ¶ 46 of the Complaint.  Defendant Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 46 of the Complaint.

47.     Defendant Garden City denies the allegations in ¶ 47 of the Complaint.  Defendant Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 47 of the Complaint.

## AS TO "SECOND CAUSE OF ACTION
## VIOLATIONS OF FCRA"
### (15 U.S.C. § 1681 *et. seq.* FCRA  Against Garden City[2])

48.     Defendants incorporate, repeat and reallege each of the above responses to Paragraphs 1 through 47 of the Complaint as though fully set forth at length at this point.

49.     Paragraph 49 of the Complaint purports to summarize Plaintiff's legal conclusions. To the extent that ¶ 49 of the Complaint sets forth any allegations to which a

---

[2] Although Defendant Chrysler Capital is not named as a defendant in the Second Cause of Action, the Third and Seventh Causes of Action against Defendant Chrysler Capital incorporate the allegations in the Second Cause of Action; therefore defendant Chrysler Capital is required to address them and does so here.

response is required, Defendants deny those allegations.

50.     Paragraph 50 of the Complaint purports to summarize Plaintiff's legal conclusions. To the extent that ¶ 50 of the Complaint sets forth any allegations to which a response is required, Defendants deny those allegations.

51.     Defendant Garden City admits the allegations in ¶ 51 of the Complaint. Defendant Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 51 of the Complaint.

52.     Defendant Garden City admits the allegations in ¶ 52 of the Complaint. Defendant Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 52 of the Complaint.

53.     Defendant Garden City denies the allegations in ¶ 53 of the Complaint. Defendant Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 53 of the Complaint.

54.     Defendant Garden City denies the allegations in ¶ 54 of the Complaint. Defendant Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 54 of the Complaint.

55.     Defendant Garden City denies the allegations in ¶ 55 of the Complaint. Defendant Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 55 of the Complaint.

56.     Paragraph 56 of the Complaint purports to set forth the terms of the cited statute and requires no response.

57.     Defendant Garden City denies the allegations in ¶ 57 of the Complaint. Defendant Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in ¶ 57 of the Complaint.

58.     Paragraph 58 of the Complaint purports to set forth the terms of the cited statute and requires no response.

59.     Defendant Garden City denies the allegations in ¶ 59 of the Complaint.  Defendant Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 59 of the Complaint.

60.     Paragraph 60 of the Complaint purports to set forth the terms of the cited statute and requires no response.

61.     Defendant Garden City denies the allegations in ¶ 61 of the Complaint.  Defendant Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 61 of the Complaint.

62.      Paragraph 62 of the Complaint purports to set forth the terms of the cited statute and requires no response.

63.     Defendant Garden City denies the allegations in ¶ 53 of the Complaint.  Defendant Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 63 of the Complaint.

## AS TO "THIRD CAUSE OF ACTION
## VIOLATIONS OF MVRISA"
(N.Y. Personal Property Law §301 *et. seq.* – Against All Defendants)

64.     Defendants incorporate, repeat and reallege each of the above responses to Paragraphs 1 through 63 of the Complaint as though fully set forth at length at this point.

65.     Paragraph 65 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 65 of the Complaint sets forth allegations to which a response is required, Defendants deny those allegations.

66.     Paragraph 66 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 66 of the Complaint sets forth allegations to which a response is required, Defendants deny those allegations.

67.     Paragraph 67 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 67 of the Complaint sets forth allegations to which a response is required, Defendants deny those allegations.

68.     Defendants admit the allegations in ¶ 68 of the Complaint.

69.     Defendants admit the allegations in ¶ 69 of the Complaint.

70.     Defendants admit the allegations in ¶ 70 of the Complaint.

71.     Defendant Garden City denies the allegations in ¶ 71 of the Complaint.  Defendant Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 71 of the Complaint

72.     Defendants deny the allegations in ¶ 72 of the Complaint.

73.     Defendants deny the allegations in ¶ 73 of the Complaint.

74.     Defendants deny the allegations in ¶ 74 of the Complaint.

75.     Defendants deny the allegations in ¶ 75 of the Complaint.

76.     Defendants deny the allegations in ¶ 76 of the Complaint.

77.     Defendants deny the allegations in ¶ 77 of the Complaint.

78.     Defendants deny the allegations in ¶ 78 of the Complaint.

79.     Paragraph 79 of the Complaint purports to set forth a legal conclusion to which no response is required. To the extent that ¶ 79 of the Complaint sets forth allegations to which a response is required, Defendants admit that Garden City is a registered automobile dealer and lack knowledge or information sufficient to form belief as to the truth of the allegations

concerning defendant Park Slope.

80.     Paragraph 80 of the Complaint purports to set forth a legal conclusion to which no response is required. To the extent that ¶ 80 of the Complaint sets forth allegations to which a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.

81.     Paragraph 81 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 81 of the Complaint sets forth allegations to which a response is required, Defendants deny those allegations.

82.     Defendants deny the allegations in ¶ 82 of the Complaint.

83.     Defendants deny the allegations in ¶ 83 of the Complaint.

84.     Defendants deny the allegations in ¶ 84 of the Complaint.

85.     Defendants deny the allegations in ¶ 85 of the Complaint.

86.     Defendants deny the allegations in ¶ 86 of the Complaint.

87.     Defendants admit that Plaintiff's contract with defendant Garden City was assigned to defendant Chrysler Capital and deny the remaining allegations in ¶ 87 of the Complaint.

## AS TO "FOURTH CAUSE OF ACTION
## DECEPTIVE TRADE PRACTICES"
(N.Y. Gen. Bus. Law §349(h) – Against the Dealer Defendants[3])

88.     Defendant Garden City incorporates, repeats and realleges each of the above responses to Paragraphs 1 through 87 of the Complaint as though fully set forth at length at this point.

---

[3] Although Defendant Chrysler Capital is not named as a defendant in the Fourth Cause of Action, the Seventh Cause of Action against Defendant Chrysler Capital incorporates the allegations in the Fourth Cause of Action; therefore defendant Chrysler Capital states that it lacks knowledge or information sufficient to form a belief as to any of the allegations in the Fourth Cause of Action.

89.     Defendant Garden City admits that Plaintiff is a person within the meaning of the cited statute and denies the rest of the allegations in ¶ 89 of the Complaint.

90.     Defendant Garden City denies the allegations in ¶ 90 of the Complaint.

91.     Defendant Garden City denies the allegations in ¶ 91 of the Complaint with respect to it and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Park Slope.

92.     Defendant Garden City denies the allegations in ¶ 92 of the Complaint with respect to it and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Park Slope.

93.     Defendant Garden City denies the allegations in ¶ 93 of the Complaint with respect to it and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Park Slope.

94.     Defendant Garden City denies the allegations in ¶ 94 of the Complaint with respect to it and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Park Slope.

95.     Defendant Garden City denies the allegations in ¶ 95 of the Complaint with respect to it and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Park Slope.

96.     Defendant Garden City denies the allegations in ¶ 96 of the Complaint with respect to it and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Park Slope.

97.     Defendant Garden City denies the allegations in ¶ 97 of the Complaint with respect to it and lacks knowledge or information sufficient to form a belief as to the truth of the allegations

concerning defendant Park Slope.

98.     Defendant Garden City denies the allegations in ¶ 98 of the Complaint with respect to it and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Park Slope.

**AS TO "FIFTH CAUSE OF ACTION**
**DECEPTIVE TRADE PRACTICES"**
(N.Y. Gen. Bus. Law §350(h) – Against the Dealer Defendants[4])

99.     Defendant Garden City incorporates, repeats and realleges each of the above responses to Paragraphs 1 through 98 of the Complaint as though fully set forth at length at this point.

100.     Paragraph 100 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 100 of the Complaint sets forth allegations to which a response is required, Defendant Garden City denies those allegations.

101.     Defendant Garden City denies the allegations in ¶ 101 of the Complaint with respect to it and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Park Slope.

102.     Defendant Garden City denies the allegations in ¶ 102 of the Complaint with respect to it and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Park Slope.

103.     Defendant Garden City denies the allegations in ¶ 103 of the Complaint with respect to it and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Park Slope.

---

[4] Although Defendant Chrysler Capital is not named as a defendant in the Fifth Cause of Action, the Seventh Cause of Action against Defendant Chrysler Capital incorporates the allegations in the Fifth Cause of Action; therefore defendant Chrysler Capital states that it lacks knowledge or information sufficient to form a belief as to any of the allegations in the Fifth Cause of Action.

104.    Defendant Garden City denies the allegations in ¶ 104 of the Complaint with respect to it and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Park Slope.

105.    Defendant Garden City denies the allegations in ¶ 105 of the Complaint with respect to it and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Park Slope.

### AS TO "SIXTH CAUSE OF ACTION COMMON LAW FRAUD"
(Against the Dealer Defendants[5])

106.    Defendant Garden City incorporates, repeats and realleges each of the above responses to Paragraphs 1 through 105 of the Complaint as though fully set forth at length at this point.

107.    Defendant Garden City denies the truth of the allegations in ¶ 107 of the Complaint concerning it and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Park Slope.

108.    Defendant Garden City denies the allegations in ¶ 108 of the Complaint concerning it and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Park Slope.

109.    Defendant Garden City denies the allegations in ¶ 109 of the Complaint concerning it and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Park Slope.

110.    Defendant Garden City denies the allegations in ¶ 110 of the Complaint

---

[5] Although Defendant Chrysler Capital is not named as a defendant in the Sixth Cause of Action, the Seventh Cause of Action against Defendant Chrysler Capital incorporates the allegations in the Sixth Cause of Action; therefore defendant Chrysler Capital states that it lacks knowledge or information sufficient to form a belief as to any of the allegations in the Sixth Cause of Action.

concerning it and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Park Slope.

111.    Defendant Garden City denies the allegations in ¶ 111 of the Complaint concerning it and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Park Slope.

112.    Defendant Garden City denies of the allegations in ¶ 112 of the Complaint concerning it and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Park Slope.

113.    Defendant Garden City denies the allegations in ¶ 113 of the Complaint concerning it and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Park Slope.

**AS TO "SEVENTH CAUSE OF ACTION**
**VIOLATION OF NY AUTOMOBILE BROKER LAW"**
(N.Y. Gen. Bus. Law § 742 *et seq* – Against All Defendants)

114.    Defendants incorporate, repeat and reallege each of the above responses to Paragraphs 1 through 113 of the Complaint as though fully set forth at length at this point.

115.    Defendants admit the allegations in ¶ 115 of the Complaint.

116.    Defendant Garden City denies, and defendant Chrysler Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 116 of the Complaint.

117.    Defendant Garden City denies, and defendant Chrysler Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 117 of the Complaint with respect to themselves and both lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Park Slope.

118.    Defendant Garden City denies, and defendant Chrysler Capital denies  knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 118 of the Complaint with respect to themselves and both lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Park Slope.

119.    Defendant Garden City denies, and defendant Chrysler Capital denies  knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 119 of the Complaint with respect to themselves and both lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Park Slope.

120.    Defendant Garden City denies, and defendant Chrysler Capital denies  knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 120 of the Complaint with respect to themselves and both lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Park Slope.

121.    Defendant Garden City denies, and defendant Chrysler Capital denies  knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 121 of the Complaint with respect to themselves and both lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Park Slope.

122.    Defendant Garden City denies, and defendant Chrysler Capital denies  knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 122 of the Complaint with respect to themselves and both lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Park Slope.

123.    Defendant Garden City denies, and defendant Chrysler Capital denies  knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 123 of the Complaint with respect to themselves and both lack knowledge or information sufficient to form a belief as

to the truth of the allegations concerning defendant Park Slope.

124.     Paragraph 124 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 124 of the Complaint sets forth allegations to which a response is required, Defendant Garden City denies and Defendant Chrysler Capital denies knowledge or information sufficient to form a belief as to the truth of those allegations.

125.     Defendants deny the allegations in ¶ 125 of the Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.      Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      Any violation of the law or damage suffered by Plaintiff, which Defendants deny, was due solely to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of Defendants.

### THIRD AFFIRMATIVE DEFENSE

3.      Dealers are not required under the applicable statutes to provide adverse action letters that duplicate those of a bank or finance company that declines to make a loan.

### FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff is not entitled to an award of any damages, including but not limited to compensatory damages, punitive damages or attorneys' fees.

## SIXTH AFFIRMATIVE DEFENSE

6.      Defendants have at all times acted in good faith compliance with applicable law.  The actions of the Defendants, as alleged in the Plaintiff's complaint, were undertaken in good faith and justified by legitimate business purposes, with the absence of injury to the Plaintiff, and constituted lawful, proper and justified activities. Additionally, any violation of law, which Defendants deny, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff's conduct was not extreme or outrageous or malicious.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Defendants deny that the Plaintiff suffered any emotional distress, psychological and/or physical damages whatsoever as a result of any actions taken by Defendants and any emotional, psychological and/or physical condition suffered by Plaintiff is attributable to causes wholly independent of any actions taken Defendants.

## NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff's claims for relief are barred to the extent that she has failed, upon information and belief, to mitigate her damages.

## TENTH AFFIRMATIVE DEFENSE

10.     Plaintiff has failed to comply with Fed. R. Civ. P. 9(b) in that she has failed to allege fraud with particularity.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Defendant Garden City is registered as an automobile dealer pursuant to

Article 16 of the Vehicle and Traffic Law and per General Business Law § 736, an "automobile broker business" does not include any person registered as an automobile dealer pursuant to Article 16 of the Vehicle and Traffic Law.

<u>**TWELFTH AFFIRMATIVE DEFENSE**</u>

12.     Defendants reserve the right to seek their reasonable attorneys' fees and costs in the event the Court deems Plaintiff's action was brought in bad faith and for the purpose of harassing Defendants.

<u>**THIRTEENTH AFFIRMATIVE DEFENSE**</u>

13.     Defendants at all times, acted in good faith and without malice.

<u>**FORTEENTH AFFIRMATIVE DEFENSE**</u>

14.     Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.


**WHEREFORE**, Defendants GARDEN CITY JEEP CHRYSLER DODGE LLC and SANTANDER CONSUMER USA dba CHRYSLER CAPITAL demand: (i) judgment dismissing the Plaintiff IRENE OLIVERAS's Complaint in its entirety; (ii) from the Plaintiff IRENE OLIVERAS, the costs and disbursements of this action and attorney fees incurred by the Defendants GARDEN CITY JEEP CHRYSLER DODGE LLC and SANTANDER CONSUMER USA, INC. dba CHRYSLER CAPITAL in defending this action; and, (iii) such other relief as this Court may deem just and proper.

Dated:  New York, New York
        May 14, 2021

*Cyr E. Ross*

CYR E. ROSS, ESQ.
Attorney for Defendants
GARDEN CITY JEEP CHRYSLER DODGE LLC,
and SANTANDER CONSUMER USA, INC. dba
CHRYSLER CAPITAL
30 Vesey Street, Suite 1800
New York, New York 10007
Telephone: (212) 732-0843
Email: cyro05@aol.com

To:  Law Offices of Robert J. Nahoum, P.C.
     48 Burd Street
     Nyack, New York 10960
     Telephone: (845) 232-0202
     Fax: (845) 450-2906
     Email: rjn@nahoumlaw.com

L:\Garden City Jeep\Metro Auto Credit\Olivares\Answer 5.14.2021  REVISED.docx